IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JERRY WARE, )  |  |
| Plaintiff, ) |  |
| vs. ) | No. 3:17-CV-2688-G-BH |
| ) |  |
| LISA MILLER, et al, ) |  |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be **DISMISSED with prejudice**.

### I. BACKGROUND

On October 3, 2017, Jerry Ware (Plaintiff), filed a complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against a district judge (Judge) and three Assistant United States Attorneys (AUSAs) (collectively Defendants) in their official capacities based on their roles in his criminal conviction. (*See* doc. 3 at 3-4.)[2]

On February 3, 2015, Plaintiff was charged in a five-count indictment with interference with commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951 and 2, and using, carrying and branding a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1) and 2.  (*See United States v. Ware*, No. 3:15-cr-40-K (N.D. Tex. Feb. 3, 2015), doc. 1. On July 14, 2015, he entered a plea of guilty to two counts of using, carrying and branding a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 924(c)(1) and 2 pursuant to a plea agreement.  (*See id.*, docs. 26, 29, 31, 36.)  On June 29, 2016, Plaintiff was sentenced to an aggregate term of imprisonment for 312

---

[1]  By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page.

months, to be followed by a two-year term of supervised release. (*See id.*, docs. 75, 76.) He was also ordered to pay restitution in the amount of $2,665.00. (*See id.*) Plaintiff's appeal was dismissed as frivolous. (*See id.*, docs. 101, 102); *United States v. Ware*, 676 F. App'x 381 (5th Cir. Feb. 21, 2017 (per curiam). He filed a motion to vacate under 28 U.S.C. § 2255, alleging ineffective assistance of counsel and that his sentence was unconstitutional, and it was denied. (*See Ware v. United States*, No. 3:17-cv-668-K (N.D. Tex. Aug. 21, 2019), doc. 25.

Plaintiff now sues the presiding district judge and the prosecutors for alleged violation of his rights under the Sixth and Eighth Amendments. (*See* doc. 3 at 1, 4-5, 11.) He claims that they were unprofessional, and that they each had a role in his wrongful conviction. (*See id.* at 3-5.) He also alleges ineffective assistance of counsel because his attorney "showed no effort or interest" in defending him or challenging his conviction, and he seeks to have his conviction vacated. (*See id.* at 6, 14.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a federal inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III.  *BIVENS*

Plaintiff sues Defendants under *Bivens* for violations of his constitutional rights.

In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. *Bivens* extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) (recognizing that "[a] *Bivens* action is analogous to an action under § 1983— the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials").  Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp*., 402 F.3d 545, 549 (5th Cir. 2005).

**A.** **Official Capacity Claims**

Plaintiff does not specify the capacity in which he sues Defendants.

3

To the extent that Plaintiff sues Defendants in their official capacities,[3] a *Bivens* action only provides a remedy for victims of constitutional violations by government officers in their individual capacities; it does not provide for a cause of action against the United States. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). Nor may a *Bivens* action be brought against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Moore v. United States Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir. 1995). Claims against federal employees in their official capacities based on alleged constitutional violations are also barred under *Bivens* because they are equivalent to claims against the federal agencies who employ those employees. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). This is because the purpose of a *Bivens* cause of action is to deter a federal officer from violating a person's constitutional rights. *Meyer*, 510 U.S. at 485; *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Any *Bivens* claims against Defendants in their official capacities are subject to dismissal for failure to state a claim.

A.  **Individual Capacities**

To the extent that Plaintiff sues Defendants in their individual capacities, his claims are barred by immunity.

   *1.   Judge*

The Supreme Court has recognized absolute immunity for judges acting in the performance

---

[3] Courts look to the course of proceedings to determine the capacity in which a defendant is sued. *See Adrian v. Regents of Univ. of Calif.*, 363 F.3d 398, 402-03 (5th Cir. 2000) (noting that while it was unclear whether the complaint named employees in their official or personal capacities, the course of proceedings demonstrated that they were only named in their official capacities; the plaintiff had not challenged the assertion that the employees should be dismissed because they were only named in their official capacities) (citing *Graham*, 473 U.S. at 167 n. 14); *Harmon v. Dallas Cty.*, 294 F. Supp. 3d 548, 569 n.6 (N.D. Tex. 2018) (noting that courts generally look to the course of the proceedings to determine the nature of liability sought to be imposed when a plaintiff does not specify the capacity in which an official is sued) (quoting *Adrian*); *but see Douglas v. Gusman*, 567 F. Supp. 2d 877, 888-89 (E.D. La. 2008) (when a pro se plaintiff does not specify whether a defendant in named in his official or individual capacity, it is generally presumed by operation of law that the defendant is named in his official capacity) (citations omitted).

of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). Judges are immune from suit for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Id*. at 11. A plaintiff can overcome the bar of judicial immunity only under two very limited circumstances. *See Mireles*, 502 U.S. at 11–12; *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

First, a judge is not immune from suit for actions that are not "judicial" in nature. *See Mireles*, 502 U.S. at 11. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 222 (5th Cir. 2009) (quoting *Mireles*, 502 U.S. at 12). "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, [a court should] look to the particular act's relation to a general function normally performed by a judge...." *Id*.

> [The Fifth Circuit] has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. These factors are broadly construed in favor of immunity.

*Davis*, 565 F.3d at 222–23 (citations omitted). "The absence of one or more factors will not prevent a determination that judicial immunity applies." *Carter v. Carter*, No. 3:13-CV-2939-D (BF), 2014 WL 803638, at *1 (N.D. Tex. Feb. 20, 2014) (citing *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) ). Second, a judge is not immune from suit for actions that although judicial in nature, are taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 12; *see also Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).

Because the conduct by Judge of which Plaintiff complains was judicial in nature, and he has not alleged that the action was taken in the complete absence of jurisdiction, Judge is entitled to absolute immunity from monetary damages claims in his individual capacity. Accordingly, any individual capacity claims against Judge should be dismissed.

### 2. *Prosecutors*

Prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Prosecutors are entitled to absolute immunity for acts taken in prosecuting cases, even against allegations that they acted "maliciously, wantonly, or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)); *Thomas v. State*, 294 F.Supp.3d 576, 605 (N.D. Tex. 2018). The Supreme Court has recognized that a prosecutor has only qualified immunity with respect to his or her administrative and investigative duties. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

Here, Plaintiff alleges lack of professionalism and misconduct by the AUSAs. (*See* doc. 3 at 4.) He alleges that they "all played a roll as if they did not know that they were wrongfully convicting [him] and violating [his] rights." (*Id.* at 5.) Plaintiff has not alleged that the AUSAs acted other than in their adjudicative role as prosecutors. Because all of the acts of which he complains were taken during the course and scope of their duties as prosecutors, the AUSAs are entitled to prosecutorial immunity for any individual capacity claims. *See Imbler*, 424 U.S. at 423.

## IV. HABEAS RELIEF

Plaintiff appears to challenge his conviction and seeks release from imprisonment. His claim that the court was without jurisdiction to impose an increased sentence challenges the duration of

6

his confinement. *See Kirby v. Chief U.S. Marshal*, No. 3:16-CV-1393-O, 2016 WL 3880997, at *2 (N.D. Tex. May 24, 2016) (construing virtually identical complaint as challenge to duration of confinement under *Bivens*), *rec. adopted by* 2016 WL 3745708 (N.D. Tex. July 13, 2016); *Orlando v. Chief U.S. Marshal*, No. 3:16-CV-1425-M, 2016 WL 3526091, at *2 (N.D. Tex., 2016) (same), *rec. adopted by* 2016 WL 3552256 (N.D. Tex. June 23, 2016). Where a party seeks relief in federal court from the duration of confinement, the claim "is cognizable only in federal habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14 (1973). A prisoner cannot challenge the fact or duration of confinement in a civil rights action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser*, 411 U.S. at 487). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Because Plaintiff may only obtain declaratory or monetary relief in this *Bivens* action, he fails to state a cause of action upon which relief may be granted on his claim for release.[4]

## V. RECOMMENDATION

The complaint should be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5]

---

[4] Because Plaintiff has previously filed a § 2255 challenge to his conviction, his claim for habeas relief will not be opened as a separate habeas case.

[5] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SO RECOMMENDED**, this 17th day of April, 2020.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE